

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG 19 2014

TIM RHODES
COURT CLERK

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

KENNETH A. KIRKHAM,

    *Plaintiff,*

vs.

CITY OF OKLAHOMA CITY,

    *Defendant.*

Case No.: CJ-2014-4674

# PETITION

COMES NOW, Plaintiff, KENNETH A. KIRKHAM, by and through his attorney of record, Robert J. Wagner and Jon J. Gores of the firm of WAGNER & WAGNER, P.C. and for his cause of action against Defendant, CITY OF OKLAHOMA CITY, alleges and states the following:

## PARTIES

1. Plaintiff, KENNETH A. KIRKHAM, is a fifty-eight (58) year old resident of Oklahoma County, State of Oklahoma, who began his employment with Defendant in March of 1986, at this time he has been continuously employed for over twenty-eight (28) years.

2. Plaintiff's employment with Defendant continues as of the date of filing this Petition, and his present position is a Grounds Maintenance Operator.

3. Defendant, CITY OF OKLAHOMA CITY (hereinafter "Defendant"), is a political subdivision established under the laws of the State of Oklahoma, with various departments and its principle place of business in Oklahoma City, Oklahoma County, Oklahoma, which upon information and belief had in all weeks of the calendar years of Plaintiff's employment 500 or more employees.



EXHIBIT 2

## JURISDICTION AND VENUE

4. This is a cause of action for discrimination based on Disability, Age, and Retaliation as prohibited by Americans with Disabilities Act of 1990, as amended (ADAAA); Violation of the Age Discrimination in Employment Act of 1967 as amended (ADEA); and Violation of the Oklahoma Anti-Discrimination Act (25 O.S. § 1101, et seq.) and only to the extent it is NOT duplicative, for violation of the ADAAA and ADEA.

5. All cause of actions arise under both Federal and Oklahoma state law.

6. Both parties are residents of the State of Oklahoma.

7. All of actions complained occurred in Oklahoma County, Oklahoma, and venue is proper in the District Court of Oklahoma County, State of Oklahoma.

8. Plaintiff has complied with the administrative prerequisites of filing charges of discrimination with the Equal Employment Opportunity Commission ("EEOC" Charge No. 564-2014-00872) attached hereto as ("Appendix-1").

9. The "Notice of Suit Rights" was issued and presented to Plaintiff on or after the 21st day of May 2014.

10. A copy of said "Notice" is attached hereto as ("Appendix-2") and incorporated herein by this reference.

11. The ninety (90) day period within which Plaintiff may file an action, pursuant to the "right to sue" letter, expires on or after the 19th day of May 2014.

## STATEMENT OF FACTS

12. Plaintiff has been and continues to be employed by Defendant for over twenty-eight (28) years beginning when he was hired in March of 1986 for the City of Oklahoma City.

13. Plaintiff currently holds the title as a Grounds Maintenance Operator for Defendant.

14. Because of Plaintiff's commitment and hard work put in through his employment with Defendant, Plaintiff was told he would be receiving a promotion in October 2013 by his Acting Field Office Supervisor, Jacob Webb (hereinafter "Webb").

15. Webb informed Plaintiff that he would be promoted to a Crew Chief, and Plaintiff would receive pay commensurate with that title.

16. Plaintiff never was promoted, and he never received a pay increase.

17. Plaintiff was told he needed to take a test to be eligible for a Crew Chief position, and as a result in November 2013 Plaintiff applied for and passed the test to become a Crew Chief.

18. Plaintiff again was denied the advancement opportunity, and another employee for Defendant, Mike Smithson (hereinafter "Smithson") was selected for the position.

19. Smithson was a younger employee than Plaintiff, and he did not have a disability, nor was he perceived as having a disability.

20. Plaintiff has a heart condition that necessitates the use of a Pacemaker, and Defendant has been aware of his condition.

21. Plaintiff was told he was not selected for advancement because of write-ups in his personnel file, while it is upon Plaintiff's belief Smithson had write-ups in his personnel file as well.

22. Plaintiff was not selected for this position because of his having a disability or being perceived as disabled and age.

23. Following the foregoing denial of advancement, Plaintiff became aware of another position as an Operator.

24. To be qualified as an Operator, the position required Plaintiff to take another test.

25. This test was subjective, and upon completion of the test Plaintiff was told he failed and would not be promoted.

26. Instead of promoting Plaintiff, Defendant hired another employee, David Murphy (hereinafter "Murphy"), who was younger than Plaintiff and was not disabled or perceived as being disabled.

27. Plaintiff feeling that he was being discriminated against by his Superintendent, Catherine Waide (hereinafter "Waide"), for being repeatedly denied advancement opportunities with Defendant contacted a representative in the Human Resource Department.

28. No corrective action or meaningful investigation was taken against Waide by Defendant for the harassment and discrimination.

29. After making a formal complaint Plaintiff was notified on the 28th day of April 2014, that a pre-determination meeting was to take place regarding Plaintiff's job performance. This meeting was scheduled for the 2nd day of May 2014.

30. At the meeting Plaintiff was told he would not be promoted or receive crew chief pay because he discussed the promotion with someone at the Department downtown.

31. Waide also stated that he would not be promoted because Plaintiff had write-ups in his personnel file, even making the comment that Plaintiff "had the thickest personnel file in the department."

32. The practices complained of above were intentional and designed to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

33. The unlawful employment practices complained of above were committed with malice and with reckless indifference to Plaintiff's federally and state protected rights.

34. After twenty-eight (28) years of employment, Plaintiff, like any other employee with comparable seniority was looking forward to retirement and seeking opportunities that would to increase his income and effectively then increase his retirement benefits.

35. In addition to seeking an award of "Liquidated Damages", Plaintiff also prays for punitive damages as set out in the concurring opinion (with unanimous support of the entire Supreme Court) in Guindelee MacDonald, Plaintiff v. Corporate Integris Health and Integris Health, Defendants. No. 111,717 (February 25, 2014) 2014 OK 10.

## CAUSES OF ACTION

### COUNT I

### Disability Discrimination

Plaintiff incorporates all prior allegations and further alleges that:

36. The Plaintiff was refused advancement by Defendant because of his Real or Perceived disability.

37. Plaintiff was subjected to a hostile workplace where he was described as being slow in a derogatory way.

5

38. That Defendant intentionally and with reckless indifference and disregard for the rights of the Plaintiff violated the Oklahoma Anti-Discrimination Act and/or the Americans with Disabilities Act, as amended.

39. That Defendant's conduct toward Plaintiff, as alleged above, has caused the Plaintiff to suffer humiliation, embarrassment, degradation and emotional distress.

40. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of the career potential that he had with Defendant, and the loss of wages, benefits and other compensation the such employment entails, and Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuinary losses. Plaintiff has further experienced emotional distress.

41. As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages. Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

## COUNT II

### Age Discrimination

Plaintiff incorporates all prior allegations and further alleges that:

42. Plaintiff was refused advancement by Defendant because of his age, and the positions for which he was most qualified were given to younger employees.

43. Plaintiff was subjected to a hostile workplace where he was treated less favorably than younger employees.

44. That Defendant intentionally and with reckless indifference and disregard for the rights of the Plaintiff violated the Oklahoma Anti-Discrimination Act and/or the Age Discrimination in Employment Act.

45. Defendant's conduct toward Plaintiff, as alleged above, has caused the Plaintiff to suffer humiliation, embarrassment, degradation and emotional distress.

46. As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages. Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

## COUNT III

### Retaliation

Plaintiff incorporates all prior allegations and further alleges that:

47. Plaintiff was denied advancement, increases in his wage, and was written-up and retaliated against for opposing illegal discrimination.

48. Plaintiff opposed the discrimination when he brought his complaints forth formally to the Human Resource department against the discrimination of his Supervisor Waide.

49. Shortly after bringing the formal complaint, Plaintiff was retaliated and subjected to a pre-determination meeting with his supervisors and as a result a complaint was added to his personnel file.

50. Plaintiff was not only denied advancement in the two (2) Crew Chief positions but denied advancement in nineteen (19) different positions during his continued employment.

51. As a result of the retaliation by Defendant's conduct toward Plaintiff, Plaintiff has been forced to work in a hostile work environment which caused the Plaintiff to suffer humiliation, embarrassment, degradation, and emotional distress.

52. Plaintiff claims damages in excess of ten thousand dollars ($10,000).

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert of participation with them, from engaging in employment practices which discriminate on the basis of age and disability.

b. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Kenneth A. Kirkham and other employees and which eradicate the effects of their past and present unlawful employment practices.

c. Order Defendant to make whole Kenneth A. Kirkham by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to rightful-placement reinstatement or front pay in lieu of placement.

d. Order Defendant to make whole Kenneth A. Kirkham by providing compensation for past and future pecuniary and non-pecuniary loses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

e. Order Defendant to pay Kenneth A. Kirkham punitive damages for their malice or reckless indifference to her protected rights described above, in amounts to be determined at trial.

f. Grant such further relief as the court deems just and proper through law or equity.

g. Award Plaintiff his costs and attorney fees in this action.

Respectfully submitted,

WAGNER & WAGNER, P.C.
4401 N. Classen Blvd., Suite 100
Oklahoma City, OK 73118-5038
(405) 521-9499 Telephone
(405) 521-8994 Fax
rjw@wagnerfirm.com (e-mail)

By: _____
ROBERT J. WAGNER, OBA #016902
JON J. GORES, OBA #31068
Attorney for Plaintiff
KENNETH A. KIRKHAM

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 564-2014-00872 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Kenneth A. Kirkham | (405) 681-7680 | 12-09-1955 |

Street Address: 2509 S.W. 82, Oklahoma City, OK 73159

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF OKLAHOMA CITY | 500 or More | (405) 297-2530 |

Street Address: 420 W. Main, Oklahoma City, OK 73102

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address, City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2013   Latest: 05-02-2014
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I have been employed since March of 1986 and my current position is Grounds Maintenance Operator. In or about October 2013, Jacob Webb, Acting Field Office Supervisor told me he would give me crew chief pay for acting as a crew chief. I was not allowed to act as crew chief. In November of 2013, I applied and passed the test for a crew chief position but I was denied the position. Mike Smithson was selected for the position. To my knowledge Smithson had write-ups in his personnel file. I took the operator test and was told I had failed the test. David Murphy was selected for the position. I told Carla Chapman, human resources that I believed Catherine Walde, Superintendent was harassing me. No corrective action was taken against Ms. Walde. On or about April 28, 2014, I was notified of a pre-determination meeting regarding my job perfromance was scheduled for May 2, 2014.

Jacob Webb told me I would not get acting pay as a crew chief because I had talked to someone downtown. Laurie Allen told me Catherine Walde did not promote me to crew chief because I had

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| 5-19-14   X Ken Kirkham  Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

APPENDIX

No. 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 564-2014-00872 |
| | | and EEOC |

State or local Agency, if any

write-ups in my personnel file. Catherine Waide made the comment that I had the thickest personnel file in the department. In a memo dated April 28, 2014, it was alleged I had failed to satisfactorily perform my assigned work. *discriminated against because of my age (58) AND/OR DISABILITY (Real or Perceived), and*

I believe I have been retaliated against and discriminated against because of my age, in violation of the Age Discrimination in Employment Act of 1967, as amended.

*I have a pace maker, and many in my workplace are aware.*

---

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| X 5-19-14  X *Ken Kirk[...]*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 161 (11/09)　　　**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Kenneth A. Kirkham
2509 S.W. 82
Oklahoma City, OK 73159

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2014-00872 | Patricia D. Stewart, Senior Investigator | (405) 231-5853 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_____  5/21/14
Holly . Waldron Cole,       (Date Mailed)
Area Office Director

Enclosures(s)

cc: Kenneth Jordan
Municipal Counselor
CITY OF OKLAHOMA CITY
Office of the Municipal Counselor
200 N. Walker Ave., Ste. 400
Oklahoma City, OK 73102

Robert J. Wagner
Wagner & Wagner
Attorneys at Law
4401 N. Classen Blvd., Suite 100
Oklahoma City, OK 73118

APPENDIX

No. 2